UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| PLANET HOME LENDING, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:26-cv-56 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| NANCY L. MEEK, et al., | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| *Defendants*. | ) | |

**M E M O R A N D U M**

Before the Court is Plaintiff Planet Home Lending, LLC's motion to abate this foreclosure case (Doc. 18). Plaintiff represents that because certain Defendants entered into a loss-mitigation plan, Plaintiff is prohibited from moving forward with this lawsuit. (Doc. 18 at 1.) Plaintiff requests that the deadlines and settings be abated for ninety days. (*Id.*) Plaintiff filed its request after the Court issued an order to show cause as to why Plaintiff's claims against Defendants Nancy L. Meek and Robert L. Meek ("the Meeks") should not be dismissed, given that there is no record of service of process upon the Meeks or the Meeks' waiver of service of process. (Doc. 17.) Plaintiff has not filed any response to the show-cause order other than the motion to abate (Doc. 18).

A plaintiff in a federal civil lawsuit must serve defendants with a summons and a copy of the pleading in accordance with Federal Rule of Civil Procedure 4. Rule 4(m) specifies that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). "[I]f the plaintiff shows good cause for the failure,"

however, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).

Plaintiff has not shown "good cause" under Rule 4(m), so the Court has no obligation to grant an extension for service of process. Plaintiff asserts that it "is prohibited from moving forward with this under CFPB [Consumer Financial Protection Bureau] regulations," citing 12 C.F.R. § 1024.41(g). (Doc. 18 at 1.) But that regulation only prohibits a servicer from "mov[ing] for foreclosure judgment or order of sale, or conduct[ing] a foreclosure sale"—not serving process. *See* 12 C.F.R. § 1024.41(g) (2025). And Plaintiff has not put forth any other evidence or argument as to why additional time for service is necessary.

Having concluded that an extension is not mandatory, the Court must next consider whether to grant a permissive extension of time to complete service of process. *See Espinoza v. United States*, 52 F.3d 838, 841 (8th Cir. 1995). The Court is not persuaded that such an extension is warranted.

First, following the Court's dismissal without prejudice, the applicable statute of limitations would not bar Plaintiff from refiling this action against the Meeks. *See* Tenn. Code. Ann. § 28-3-109(a)(3) (setting six-year statute of limitations for "[a]ctions on contracts not otherwise expressly provided for"); *Deutsche Bank Nat'l Tr. Co. v. Lee*, No. M2018-01479-COA-R3-CV, 2019 WL 2482423, at *5 (Tenn. Ct. App. June 13, 2019) ("Chapter 28 of the Tennessee Code does not otherwise expressly provide for actions regarding promissory notes."); *see also* Doc. 1-6 at 13 (providing, in paragraph 15 of the deed of trust, that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located"). Second, none of the policy considerations outlined in the Advisory Committee Notes to Federal Rule of Civil Procedure 4 weigh in favor of an extension here. *See* Fed. R. Civ. P. 4 advisory

committee's note to 1993 amendment (Subdivision (m)) (advising that an extension "may be justified, for example, . . . if the defendant is evading service or conceals a defect in attempted service," if oversights have occurred "in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations," or if a *pro se* plaintiff needs additional protections).

As a final matter, the Court concludes that, without the Meeks as defendants, the case cannot proceed against the United States, which was named as a "Title Interest Defendant" pursuant to 28 U.S.C. § 2410(a), alone. (*See* Doc. 1 at 3–5.) The Court agrees with the several district and circuit courts that have concluded that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002); *see also PennyMac Loan Servs., LLC v. Williamson*, No. 3:25-cv-280, 2026 WL 2731341, at *2 (E.D. Tenn. Sep. 16, 2026) (collecting authorities). Therefore, the Court concludes that the entire matter must be dismissed without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court **DENIES** Plaintiff's motion to abate (Doc. 18) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (Doc. 1).

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**